# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 19-977V

| | | |
|---|---|---|
| AMY PHILLIPS-BELL, | * | Special Master Katherine E. Oler |
| Petitioner, | * | |
| v. | * | Filed: December 2, 2020 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Involuntary Dismissal; Failure to Prosecute; Rule 21(b). |
| Respondent. | * | |

*Amy Phillips-Bell*, pro se, St. Louis, MO, for Petitioner.
*Ida Nassar*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING CASE FOR FAILURE TO PROSECUTE[1]

### I.   Procedural History

On July 8, 2019, Amy Phillips-Bell ("Petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program (the "Vaccine Program")[2] alleging that the influenza vaccine she received on August 1, 2016 caused her to develop transverse myelitis. Pet. at 1, ECF No. 1. On July 9, 2019, an initial order was issued in this case. ECF No. 6. I instructed Petitioner to re-file her motion to proceed *in forma pauperis* and to file all relevant medical records

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

and documents related to her claim, along with a status report addressing her efforts to secure counsel. *Id.* Petitioner subsequently re-filed her motion to proceed *in forma pauperis* on August 8, 2019. ECF No. 8.

I held a status conference in this case on October 15, 2019. ECF No. 14. After the status conference, I ordered Petitioner to file her outstanding medical records and a statement of completion by March 2, 2020. I granted her motion to proceed *in forma pauperis*. *See* Order dated October 16, 2019.

On March 5, 2020, my law clerk contacted Petitioner via email to inform her that her medical records were overdue and needed to be filed. *See* Informal Remark of April 1, 2020. On April 1, 2020, I ordered Petitioner to file her outstanding medical records, or otherwise contact chambers to schedule a status conference by April 30, 2020. *See* Scheduling Order dated April 1, 2020; ECF No. 20. Petitioner did not comply with this order.

On May 21, 2020, Petitioner contacted chambers to notify the Court that she wished to "withdraw" her Petition. *See* Informal Remark of June 2, 2020, *see also* ECF No. 21. This email, the full text of which is contained within my June 24, 2020 scheduling order, did not properly effectuate dismissal of the Petition.

Accordingly, on June 24, 2020, I ordered Petitioner to file a motion to dismiss, or a status report indicating how she would like to proceed by August 24, 2020. *See* Scheduling Order dated June 24, 2020; ECF No. 21. This order included examples of a notice of voluntary dismissal, as well as a motion for a dismissal decision. *See Id.*, Attachments A, B. Petitioner did not respond to this order.

On October 2, 2020, the June 24, 2020 Order was re-mailed to Petitioner. On the same day, I issued an order instructing Petitioner to either file her motion to dismiss, or a status report indicating how she would like to proceed by November 2, 2020. *See* Scheduling Order dated October 2, 2020; ECF No. 22. I informed Petitioner that a failure to do so would be interpreted as a failure to prosecute and her case would be dismissed.

## II.    Conclusion

Vaccine Rule 21(b)(1) provides that a "special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court." Since May 21, 2020, Petitioner has not communicated with Respondent or my chambers regarding this petition. Petitioner was given ample opportunity to do so. Further, I have repeatedly ordered Petitioner to file her motion to dismiss, or a status report indicating how she would like to proceed. Her failure to comply with my orders along with her communication with my chambers that she would like to withdraw her petition indicate that she is not interested in prosecuting her claim.

As such, **IT IS ORDERED THAT**,

The petition is hereby **DISMISSED** for failure of the petitioner to prosecute.

A copy of this Decision shall be sent to Petitioner by regular first-class mail at the following address:

**Amy Phillips-Bell**
**2816 Wyoming Street**
**St. Louis, MO, 63118**

Any questions regarding this Decision may be directed to my law clerk, Neil Bhargava, by telephone at 202-357-6351, or by email at neil_bhargava@cfc.uscourts.gov.

**IT IS SO ORDERED.**

Katherine E. Oler
Special Master